**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**FILED**

JUN 2 2 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| Judith Roller, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. **05C 3638** |
| | ) | |
| Board of Education of Glen Ellyn | ) | Judge |
| School District #41, Principal Laura | ) | |
| Campbell and Superintendent Jack | ) | **JUDGE KENNELLY** |
| Barshinger, | ) | |
| | ) | |
| Defendants. | | MAGISTRATE JUDGE |
| | | GERALDINE SOAT BROWN |

## NOTICE OF REMOVAL

For its Notice of Removal pursuant to 28 U.S.C. §§ 1441, 1446, 1331 and 1367, the

Defendants Board of Education of Glen Ellyn School District #41, Principal Laura Campbell and

Superintendent Jack Barshinger (collectively the "School District") state as follows:

1.     On May 18, 2005, Plaintiff Judith Roller filed a Complaint in the Circuit Court of

the Eighteenth Judicial Circuit, DuPage County, Illinois.

2.     In her Complaint, Plaintiff raises claims for declaratory judgment, writ of

certiorari, and violations of the Open Meetings Act. She also alleges a constitutional due process

violation of her "liberty interests" under 42 U.S.C. § 1983 ("Section 1983").

3.     Plaintiff's Complaint is removable under 28 U.S.C. § 1441(b) because it involves

a claim arising under the laws of the United States over which this Court has original federal

question jurisdiction pursuant to 28 U.S.C. § 1331. Specifically, this Court has original federal

question jurisdiction over Plaintiff's Section 1983 claims arising under the Due Process Clause

of the United States Constitution. This Court has supplemental jurisdiction over the remaining

273067.1

state law claims because those claims form part of the same case or controversy as the federal question claim. See 18 U.S.C. § 1367.

4.      The School District was first served with a copy of Plaintiff's Complaint on May 26, 2005. Fewer than 30 days have passed since the School District received the Complaint by service of process. Accordingly, the deadline for filing this Notice of Removal has not expired.

5.      This Notice is accompanied by copies of all process, pleadings and orders served upon the School District in this action, all of which are attached as Exhibit A.

6.      A copy of this Notice of Removal will be filed in the Circuit Court for the Eighteenth Judicial Circuit, DuPage County, Illinois.

WHEREFORE, Defendants submit that this case is properly removed to the United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully submitted,

BOARD OF EDUCATION OF GLEN ELLYN
SCHOOL DISTRICT #41, PRINCIPAL LAURA
CAMPBELL AND SUPERINTENDENT JACK
BARSHINGER,

By: _____
One of Defendants' Attorneys

John A. Relias
Anne Wilson Lokken
FRANCZEK SULLIVAN P.C.
300 S. Wacker Drive, Suite 3400
Chicago, IL 60606
(312) 986-0300
Dated: June 22, 2005

3101 (Rev.01/05)

IRCUIT COURT SUMMONS  UNITED STATES OF AMERICA  COUNTY OF DU PAGE

STATE OF ILLINOIS  IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT

Judy Roller

Plaintiff(s)

CASE NUMBER:

2005MR000531

vs

Board of Educators of
Glen Ellyn School Dist
41, Principal house
Complex, Superintendent
Jack Bouslinger

Defendant(s)

File Stamp Here

**SUMMONS**

To each defendant: Jack Bouslinger, 793 n. Main St, Glen Ellyn
Glen Ellyn School Dist. 41,  IL 60137

You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance in the office of the Clerk of this Court, 505 North County Farm Road, Wheaton, Illinois within 30 days after the service of this summons, not counting the day of service. **IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

**To the officer:**
This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

CONFIDENTIAL
Please contact Ruth Grandt
@ CLIC; Inform he
630-285-4062

e seal

2005

Name: [signature]
(Plaintiff or Atty)

DuPage Attorney Number:

Address: 0S125 Licar

City/State/Zip: Winfield, IL 60190

Telephone: 630-784-0589

Circuit

NOTICE: The filing of an appearance or answer with the Circuit Court Clerk requires a statutory filing fee, payable at the time of filing.  300

Date of Service: 5-16-05
(To be inserted by officer on copy left with Defendant or other person.)

**EXHIBIT
A**

...ICIAL CIRCUIT COURT ©



IN THE CIRCUIT COURT OF EIGHTEENTH JUDICIAL CIRCUIT
DUPAGE COUNTY, CHANCERY DIVISION

Judith Roller,                               )
                                             )   2005MR000531
          Plaintiff,                         )
                                             )   Status Date: 09/12/05
v.                                           )   Assigned To: 2007
                                             )
Board of Education of Glen Ellyn School      )
District #41, Principal Laura Campbell and   )
Superintendent Jack Barshinger,              )
                                             )
          Defendants.                        )

**FILED**

May 18 2005 - 13:01 PM

Chas Kachnowski

CLERK OF THE
18TH JUDICIAL CIRCUIT
DU PAGE COUNTY ILLINOIS

## COMPLAINT

Plaintiff, Judith Roller, by her attorney, Kathleen H. Gorr, complains of Defendants Board

of Education of Glen Ellyn School District #41, Laura Campbell in her official capacity of

Principal of Abraham Lincoln School and individually, and Jack Barshinger, in his official capacity

as Superintendent of Glen Ellyn School District #41 and individually, for this three Count

Complaint as follows: Count I, Declaratory Judgment (The Board); Count II, Writ of Certiorari

(The Board); Count III, 42 U.S.C. Sec. 1983 (All Defendants); Count IV, Open Meetings Act

Violation (The Board).

## COMMON ALLEGATIONS - THE PARTIES AND BACKGROUND

1.      Plaintiff Judith Roller is a resident of Glen Ellyn, DuPage County, Illinois and has

been employed by the Board as a teacher at Abraham Lincoln Elementary School in Glen Ellyn,

Illinois ("Lincoln School").

2.      Defendant Board of Education of Glen Ellyn School District #41 ("the Board") is

a body politic duly organized and existing under the laws of the State of Illinois, which operates

elementary schools in and near Glen Ellyn, all within DuPage County, Illinois, including Lincoln



School.

    3.    Defendant Laura Campbell is an employee of in Glen Ellyn Schools District #41 ("District 41") and for the school year 2004-2005 has been the Principal of Lincoln School and Plaintiff Roller's immediate supervisor.

    4.    Jack Barshinger is Superintendent of District #41 and has been for the 2004-2005 school term.

    5.    Plaintiff Roller is an elementary school teacher duly certified by the State of Illinois Teacher Certification Board. She holds a Bachelor of Science in Education from the University of Illinois at Chicago, with a major in Physical Education, and a Masters of Arts in Teaching and Leadership from St. Xavier University in Chicago, Illinois.

    6.    In 1997, Plaintiff Roller began teaching physical education, as a substitute teacher in Glen Ellyn Schools District #41 ("District 41"). She subsequently taught physical education part-time there for the next 4 years.

    7.    In 2001, Plaintiff Roller was given a yearly full-time contract to teach physical education at District #41 and she continued teaching as a probationary full-time teacher in the District for the next 4 years.

    8.    Each year that Plaintiff Roller was a full time teacher at District #41, she received yearly evaluations. For the first year in which she was a full-time teacher (2001), she received evaluations of satisfactory in every category and each subsequent school year until the 2004-2005 term, she received evaluations of "excellent" in every category.

    9.    In the late Fall of 2004 and January 2005, Lincoln School Principal Laura Campbell, performed a assessment of Roller in which she rated Roller unsatisfactory in

instructional skills. She also rated Roller "satisfactory" in the three remaining categories.

10. The unsatisfactory rating was erroneous and intentionally misleading on the part of Campbell in that, among other things, she rated Roller as unsatisfactory in a 20 minute gym class instruction for performing a visual assessment of the students' progress in learning the rudiments of volleyball, when Principal Campbell had been given a lesson plan earlier and knew that the lesson plan included a visual assessment (as opposed to, for instance, a checklist), and made no negative comment about that type of assessment.

11. In addition, Principal Campbell, in her assessment, stated that Roller had "yelled" at the students, yet Campbell clarified orally to Roller that Roller had not yelled at any student, but had raised her voice in the gym when speaking to students (which were not criticisms or derogatory in any way), instead of walking over to the student.

12. Roller replied that she had stated words of encouragement to the students (such as "you can do it; hang in there) and that such words of encouragement for one student were meant to encourage the entire group.

13. Principal Campbell clarified to Roller that she did not mean to say, in the assessment, that Roller actually yelled or criticized students but Campbell at no time changed the assessment.

14. At no time in her years of teaching at District 41 has a student, parent or co-worker ever made a complaint about Roller; nor has Roller ever been reprimanded by her superior.

15. In 2005, Roller's contract came before the Board for renewal for the 2005-2006 school term.

-3-

16.    Under the Illinois School Code, 105 ILCS 5/24-11, if the Board takes no action, or if the Board renews her contract, she will automatically receive continued contractual rights, otherwise known as tenure.

17.    Also, under Sec. 5/24-11 of the Illinois School Code, if the Board fails to renew a full-time probationary teacher's contract at the end of 4 years and dismisses the teacher, the Board must give a specific reason for the dismissal and non-renewal within 45 days of the end of the school year.

18.    On March 21, 2005, the Board resolved not to renew Roller's contract for the 2005-2006 school term and also resolved to dismiss her at the end of the 2004-2005 school year.

## COUNT I - Declaratory Judgment (The Board)

1.    Plaintiff Roller hereby incorporates paragraphs 1-18 of the Common Allegations as paragraph 1 of this Count.

2.    On or around March 23, 2005, the Board sent to Judith Roller, a Notice of Dismissal to Final Year Probationary Teacher stating that her contract would not be renewed for the 2005-2006 school term and her employment with the District would terminate on June 3, 2005 for the alleged reason that she was "unsatisfactory in the area of instructional skills."

3.    Under the Illinois School Code, 105 ILCS 5/24-11, the Board must set forth the "specific reasons" for the dismissal in the Notice, which must be given within 45 days of the end of the probationary period (June 3, 2005).

4.    The Board failed to do this; it did not set forth with requisite specificity the reasons for dismissal, but rather a general conclusion which does not meet the statutory standard cited above.

-4-

5. The Board's decision was erroneous, arbitrary and capricious and not based on the manifest weight of the relevant evidence.

6. Pursuant to Sec. 24-11, if the Board fails to give proper Notice to the final year probationary teacher, the teacher "shall be deemed to be reemployed for the following school term, and not later than the close of the then current school term, the board shall issue a regular contract to the employee as though the board had reemployed him in the usual manner."

WHEREFORE Plaintiff Judith Roller prays and requests this Court 1) declare null and void the final actions relating to Judy Roller taken at the Board meeting held on March 21, 2005; 2) Award her reasonable attorneys fees and costs; 3) Order the Board to issue a regular contract to Judy Roller as though the Board had reemployed her in the usual manner; enter her on any appropriate role of teachers under contractual continued service; notify her that she has been awarded a regular contract for the 2005-2006 school term and that on or after June 3, 2005, she will be considered a teacher under continued contractual service with District #41, and 4) grant Plaintiff all other appropriate legal and equitable relief.

## COUNT II - Writ of Certiorari (The Board)

1. Plaintiff Roller hereby incorporates paragraphs 1-18 as the first paragraph of this Count.

2. On March 21, 2005, the Board took the final action of non-renewal of Plaintiff Roller's contract and her dismissal at the end of the school term, in a Board Resolution, attached hereto as Exhibit A.

3. This final action is appropriate for judicial review pursuant to Illinois Common Law writ of certiorari and there is a record of proceedings.

-5-

4.    The Board's decision was erroneous, arbitrary and not based on the manifest weight of the relevant evidence.

WHEREFORE, Plaintiff, Judy Roller prays this Court to 1) Order the Board to file in its Answer to this Count a certified or original record of proceeding, including without limitation such evidence as may have been heard by it and the findings and decisions made by it, the Secretary's notes and notes of any other Board members or attendees at the closed or regular session held on March 21, 2005, a transcript of evidence, all reports, recommendations, and all documents tendered to the Board for its review regarding this matter; 2) Enter a finding that the Board's final action was erroneous, arbitrary and against the manifest weight of the evidence; 3) Declare that the Board's decision be vacated and declared null and void; 4) Grant Roller back pay and benefits, costs, prejudgment interest; 5) order that Roller be reinstated with a regular contract under continuing contractual service; 6) grant her all other appropriate legal and equitable relief.

## COUNT II - 42 U.S.C. Sec. 1983 (All Defendants)

1.    Plaintiff hereby incorporates paragraphs 1 - 18 of the Common Allegations and paragraph 2 of Count I (Declaratory Judgment) as the first paragraph of this Count.

2.    At all relevant times, Superintendent Barshinger and Principal Campbell were acting in the official capacities and are sued individually and in their official capacity.

3.    At all relevant times, all Defendants were acting under color of state law.

4.    At the March 21, 2005 meeting, the Board resolved that Roller's contract would not be renewed for the 2005-2006 school term and her employment with the District would terminate on June 3, 2005 for the alleged reason that she was "unsatisfactory in the area of instructional skills."

-6-

5.  Superintendent Barshinger told Roller on the morning of the March 21, 2004 Board meeting (which occurred that evening) that the Board was not going to renew her contract and there was "nothing she could do about it".

6.  Under Illinois law, only the Board can make the decision to not renew a final year probationary teachers' contract and/or to dismiss that teacher (105 ILCS 5/24-11).

7.  By their actions, Defendants have unlawfully deprived Plaintiff of her constitutional rights, and violated Plaintiff's constitutional rights, in particular, her liberty interests in that they have defamed and falsely stigmatized her, injured her reputation, deprived her of a meaningful opportunity to clear her name, and adversely affected her ability to seek other employment as a teacher.

8.  Plaintiff's constitutionally protected rights afford her, among other things, an opportunity for a hearing to clear her name and present evidence and none was afforded her and she was expressly told by Superintendent Barshinger that those rights would be denied her.

9.  Defendants' above-cited actions were made in connection with Roller's dismissal.

10. The statement that Roller had unsatisfactory instructional skills is false, based on knowingly false and misleading information from Principal Campbell, and not consistent with her 8-year record as a teacher.

11. As a result of Defendants' actions, Roller has incurred damage to her reputation, economic interests, ability to seek future employment, suffered emotional distress and humiliation and is continuing to suffer these consequences.

WHEREFORE, Plaintiff Judy Roller, requests that this Court grant her the following relief: reinstatement, back pay and benefits, front pay, economic loss, compensatory damages,

-7-

including but not limited to damages for emotional distress and injury to her reputation, prejudgment interest, costs, reasonable attorney's fees and expenses, including expert witness fees, and grant her such other legal and equitable relief as it deems appropriate.

PLAINTIFF DEMANDS A JURY FOR COUNT III.

## COUNT IV Open Meetings Act Violation(The Board)

1.    Plaintiff Roller hereby incorporates paragraph 1 -18 of the Common Allegations as paragraph 1 of this Count.

2.    The Board's action of March 21, 2005 is a final action for the purposes of the Illinois Open Meetings Act, 5 ILCS 120/2(e).

3.    The Board's final action did not comply with the Open Meetings Act in that, in open session, the Board 1) did not publicly recite that Roller was dismissed as of the end of the 2005-2006 school term; and 2) did not precede its final action with a public recital that the dismissal of Roller was being considered or otherwise informing the public of the business being considered; i.e., that this matter related to the dismissal of a teacher.

4.    Sec. 120/2(e) of the Open Meetings Act states "no final action may be taken at a closed meetings. Final action shall be preceded by a public recital of the nature of the matter being considered and other information that will inform the public of the business being conducted"

5.    As the Board has violated the Open Meetings Act, pursuant to 5 ILCS 120/3(c), this Court has the authority to declare null and void the final action taken at the meeting held on

-8-

March 21, 2005 against Judy Roller.

WHEREFORE Plaintiff Judith Roller prays and requests this Court 1) 1) grant injunctive relief that all further final Board actions be taken in open meeting; 2) declare null and void the final actions taken against Judy Roller taken at the Board meeting held on March 21, 2005; 3) award her reasonable attorneys fees and costs pursuant to 5 ILCS 120/3(d).

JUDITH ROLLER

By: _____

Her Attorney

Kathleen H. Gorr
Kathleen H. Gorr, P.C.
0S125 Church St., 2nd Floor
Winfield, Illinois 60190
Tele: 630/782-0539

# RESOLUTION AUTHORIZING NOTICE OF DISMISSAL TO FINAL-YEAR PROBATIONARY TEACHERS

BE IT RESOLVED by the Board of Education of Glen Ellyn School District No. 41, DuPage County, Illinois, as follows:

SECTION 1: That this Board of Education hereby determines that those teachers listed on EXHIBIT 1, attached hereto and made a part hereof, are hereby dismissed as teachers in this School District effective at the end of the present school term.

SECTION 2: That the President and Secretary of this Board of Education are hereby authorized and directed to give to the persons listed on EXHIBIT 1, by certified mail, return receipt requested, a written notice of this Board's decision to dismiss them at the end of the present school term, which notice shall be substantially in the form of EXHIBIT 2, attached hereto and made a part hereof.

SECTION 3: This Resolution shall be in full force and effect from and after its adoption.

ADOPTED this 21st day of MARCH, 2006, by the following roll call vote:

AYES: HOFFMAN, MARUHASHI, McELVAIN, QUERSTRETTER, SHOOZAN, DiFAZIO, VIVODA

NAYS: NONE

ABSENT: NONE

President, Board of Education

ATTEST:

Secretary, Board of Education

EXHIBIT A

**EXHIBIT 1**

## FINAL YEAR PROBATIONARY TEACHERS DISMISSED
## EFFECTIVE AT THE CLOSE OF THE 2004-2005 SCHOOL TERM

Judy Roller

 **Glen Ellyn School District 41**

A K-8 district serving parts of Carol Stream, Glendale Heights, Glen Ellyn, Lombard and Wheaton

## BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED

March 21, 2005

Judy Roller
301 Van Damin
Glen Ellyn, IL 60137

Dear Judy:

You are hereby notified that pursuant to Section 24-11 of the Illinois School Code, you are dismissed as a teacher in this District effective at the end of the present 2004-2005 school term and, therefore, you will not be re-employed for the 2005-2006 school term. Your employment in and services to the school district shall terminate at the end of the school day on June 3, 2005. The reason for your termination are as follows:

1. You are unsatisfactory in the area of Instructional Skills

Very truly yours,

Glen Ellyn School District No. 41,
DuPage County, Illinois

By: _____
President, Board of Education

ATTEST:

_____
Secretary, Board of Education

STATE OF ILLINOIS        )
                         )
COUNTY OF DUPAGE         )

### SECRETARY'S CERTIFICATE

I, the undersigned, do hereby certify that I am the duly qualified and acting secretary of the Board of Education of Glen Ellyn School District No. 41, DuPage County Illinois, and that the attached is a true and correct copy of a Resolution entitled:

### RESOLUTION AUTHORIZING NOTICE OF DISMISSAL TO FINAL YEAR PROBATIONARY TEACHERS

That said Resolution has been adopted by a motion duly made, seconded and carried by the affirmative vote of a majority of all members of the Board of Education voting at a duly convened meeting held on March 21, 2005 and has been signed and approved by the President and the Secretary; that the Resolution is now a part of the official records of the Board of Education; and the same has not in any manner been revoked or rescinded, that the attached copy shows the vote for and against the adoption of said Resolution as said vote was recorded; and that the President and each and every member of said Board had due and timely notice of the meeting at which said Resolution was adopted, all as appears from the official records of the proceedings of said Board.

Dated this 21st day of March, 2005.

_____
Secretary, Board of Education

Subscribed and Sworn
to before me this 21st day
of March, 2005.

_____
Notary Public

OFFICIAL SEAL
MAUREEN S STECKER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 07-20-08