**FILED**

J .N

SEP 2 8 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| Judith Roller, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )  No: 05 C 3638 |
| | ) |
| Board of Education of Glen Ellyn School | )  Judge Kennelly |
| District #41, Principal Laura Campbell and | )  Jury Demand |
| Superintendent Jack Barshinger, | ) |
| | ) |
| Defendants. | ) |

## AMENDED COMPLAINT

Plaintiff, Judith Roller, by her attorney, Kathleen H. Gorr, complains of Defendants Board

of Education of Glen Ellyn School District #41, Laura Campbell in her official capacity of

Principal of Abraham Lincoln School and individually, and Jack Barshinger, in his official capacity

as Superintendent of Glen Ellyn School District #41 and individually, as follows: Count I,

Declaratory Judgment (The Board); Count II, Writ of Certiorari (The Board); Count III, 42

U.S.C. Sec. 1983 (All Defendants); Count IV, Open Meetings Act Violation (The Board); and

Count V, ADEA Violation (The Board).

### COMMON ALLEGATIONS - THE PARTIES AND BACKGROUND

1.      Plaintiff Judith Roller is a resident of Glen Ellyn and Glen Ellyn School District

#41, DuPage County, Illinois and has been employed by the Board as a teacher at Abraham

Lincoln Elementary School in Glen Ellyn, Illinois ("Lincoln School").

2.      Defendant Board of Education of Glen Ellyn School District #41 ("the Board") is

a body politic duly organized and existing under the laws of the State of Illinois, which operates

elementary schools in and near Glen Ellyn, all within DuPage County, Illinois, including Lincoln

School.

3.     Defendant Laura Campbell is an employee of in Glen Ellyn Schools District #41 ("District 41") and for the school year 2004-2005 was the Principal of Lincoln School and Plaintiff Roller's immediate supervisor.

4.     Jack Barshinger is Superintendent of District #41 and has been for the 2004-2005 school term.

5.     Plaintiff Roller is an elementary school teacher duly certified by the State of Illinois Teacher Certification Board. She holds a Bachelor of Science in Education from the University of Illinois at Chicago, with a major in Physical Education, and a Masters of Arts in Teaching and Leadership from St. Xavier University in Chicago, Illinois.

6.     In 1997, Plaintiff Roller began teaching physical education, as a substitute teacher in Glen Ellyn Schools District #41 ("District 41"). She subsequently taught physical education part-time there until the 2001-2002 school year.

7.     In 2001, Plaintiff Roller was given a yearly full-time contract to teach physical education at District #41 and she continued teaching as a probationary full-time teacher in the District for the next 4 years.

8.     Each year that Plaintiff Roller was a full time teacher at District #41, she received evaluations. For the first year in which she was a full-time teacher (2001), and each subsequent school year until the 2004-2005 term, she received evaluations of "excellent" in every category.

9.     In the late Fall of 2004 and January 2005, Lincoln School Principal Laura Campbell, performed a assessment of Roller in which she rated Roller unsatisfactory in instructional skills. She also rated Roller "satisfactory" in the remaining categories.

-2-

10.    The unsatisfactory rating was erroneous and intentionally misleading on the part of Campbell in that, among other things, she rated Roller as unsatisfactory in a 20 minute gym class instruction for performing a visual assessment of the students' progress in learning the rudiments of volleyball, when Principal Campbell had been given a lesson plan earlier and knew that the lesson plan included a visual assessment (as opposed to, for instance, a checklist), and made no negative comment about that type of assessment.

11.    In addition, Principal Campbell, in her assessment, stated that Roller had "yelled" at the students, yet Campbell clarified orally to Roller that Roller had not yelled at any student, but had raised her voice in the gym when speaking to students (which were not criticisms or derogatory in any way), instead of walking over to the student.

12.    Roller replied that she had stated words of encouragement to the students (such as "you can do it; hang in there") and that such words of encouragement to one student were meant to encourage the entire group.

13.    Principal Campbell clarified to Roller that she did not mean to say, in the assessment, that Roller actually yelled or criticized students but Campbell at no time changed the assessment.

14.    Until the 2004-2005 school year (Roller's final probationary year), Roller had never had a rating of less than satisfactory in any category.

15.    At no time in her years of teaching at District 41 has a student, parent or co-worker ever made a complaint about Roller; nor has Roller ever been reprimanded by her superior.

16.    In 2005, Roller's contract came before the Board for renewal for the 2005-2006

-3-

school term, and Campbell and Barshinger recommended that Roller's contract not be renewed.

17.    Under the Illinois School Code, 105 ILCS 5/24-11, if the Board takes no action, or if the Board renews her contract, she will automatically receive continued contractual rights, otherwise known as tenure.

18.    Also, under Sec. 5/24-11 of the Illinois School Code, if the Board fails to renew a full-time probationary teacher's contract at the end of 4 years and dismisses the teacher, the Board must give a specific reason for the dismissal and non-renewal within 45 days of the end of the school year.

19.    On March 21, 2005, the Board resolved not to renew Roller's contract for the 2005-2006 school term and also resolved to dismiss her at the end of the 2004-2005 school year.

## COUNT I - Declaratory Judgment (The Board)

1-19.    Plaintiff Roller hereby incorporates paragraphs 1-19 of the Common Allegations as paragraph 1-19 of this Count.

20.    On or around March 23, 2005, the Board sent to Judith Roller, a Notice of Dismissal to Final Year Probationary Teacher stating that her contract would not be renewed for the 2005-2006 school term and her employment with the District would terminate on June 3, 2005 for the stated reason that she was "unsatisfactory in the area of instructional skills."

21.    Under the Illinois School Code, 105 ILCS 5/24-11, the Board must set forth the "specific reasons" for the dismissal in the Notice, which must be given within 45 days of the end of the probationary period (June 3, 2005).

22.    The reason cited in the notice of dismissal must fairly apprise the teacher of the alleged deficiency upon which the employer-school board bases its dismissal action, and with

-4-

sufficient specificity to enable the teacher to refute the charge.

23.     The Board failed to do this; it did not set forth with requisite specificity the reasons for dismissal, but rather a general conclusion which does not meet the statutory and legal standard cited above.

24.     The Board's decision was erroneous, arbitrary and capricious and not based on the manifest weight of the relevant evidence.

25.     Pursuant to Sec. 24-11, if the Board fails to give proper Notice to the final year probationary teacher, the teacher "shall be deemed to be reemployed for the following school term, and not later than the close of the then current school term, the board shall issue a regular contract to the employee as though the board had reemployed him in the usual manner."

WHEREFORE Plaintiff Judith Roller prays and requests this Court 1) declare null and void the final actions relating to Judy Roller taken at the Board meeting held on March 21, 2005; 2) Award her reasonable attorneys fees and costs; 3) Order the Board to issue a regular contract to Judy Roller as though the Board had reemployed her in the usual manner; enter her on any appropriate role of teachers under contractual continued service; notify her that she has been awarded a regular contract for the 2005-2006 school term and that on or after June 3, 2005, she will be considered a teacher under continued contractual service with District #41, and 4) grant Plaintiff all other appropriate legal and equitable relief.

### COUNT II - Writ of Certiorari (The Board)

1-19    Plaintiff Roller hereby incorporates paragraphs 1-19 as paragraphs 1-19 of this Count.

20.     On March 21, 2005, the Board took the final action of non-renewal of Plaintiff

-5-

Roller's contract and her dismissal at the end of the school term, in a Board Resolution. The complete minutes of the regular (open) Board meeting of March 21, 2005 and the attachment to those minutes relating to Judy Roller, which includes the complete Board Resolution, are attached hereto as Exhibit A.

21. This final action is appropriate for judicial review pursuant to Illinois Common Law writ of certiorari and there is a record of proceedings.

22. The Board's decision was erroneous, arbitrary and not based on the manifest weight of the relevant evidence.

WHEREFORE, Plaintiff, Judy Roller prays this Court to 1) Order the Board to file in its Answer to this Count a certified or original record of proceeding, including without limitation such evidence as may have been heard by it and the findings and decisions made by it, the Secretary's notes and notes of any other Board members or attendees at the closed or regular session held on March 21, 2005, a transcript of evidence, all reports, recommendations, and all documents tendered to the Board for its review regarding this matter; 2) Enter a finding that the Board's final action was erroneous, arbitrary and against the manifest weight of the evidence; 3) Declare that the Board's decision be vacated and declared null and void; 4) Grant Roller back pay and benefits, costs, prejudgment interest; 5) order that Roller be reinstated with a regular contract under continuing contractual service; 6) grant her all other appropriate legal and equitable relief.

## COUNT II - 42 U.S.C. Sec. 1983 (All Defendants)

1-19. Plaintiff hereby incorporates paragraphs 1 - 19 of the Common Allegations and paragraph 2 of Count I (Declaratory Judgment) as paragraphs 1-19 of this Count.

20. At all relevant times, Superintendent Barshinger and Principal Campbell were

-6-

acting in the official capacities and are sued individually and in their official capacity.

21.    At all relevant times, all Defendants were acting under color of state law.

22.    At its March 21, 2005 regular meeting, the Board resolved that Roller's contract would not be renewed for the 2005-2006 school term and her employment with the District would terminate on June 3, 2005 for the stated (but erroneous) reason that she was "unsatisfactory in the area of instructional skills."

23.    Superintendent Barshinger told Roller on the morning of the March 21, 2004 Board meeting (which occurred that evening) that the Board was not going to renew her contract and there was "nothing she could do about it".

24.    Under Illinois law, only the Board can make the decision to not renew a final year probationary teachers' contract and/or to dismiss that teacher (105 ILCS 5/24-11).

25.    By their actions, Defendants have unlawfully deprived Plaintiff of her constitutional rights, and violated Plaintiff's constitutional rights, in particular, her liberty interests in that they have defamed and falsely stigmatized her, injured her reputation, deprived her of a meaningful opportunity to clear her name.

26.    The statement by The Board that Roller was dismissed as she was "unsatisfactory in the area of instructional skills" has so stigmatized Roller that she has been unable to find employment as a teacher and will make it virtually impossible for her to find employment in her profession.

27.    The above-stated stigmatizing statement was made a part of public record of the regular (open) Board meeting of March 21, 2005, as an attachment to the minutes of the regular board meeting of March 21, 2005 (attached hereto as Exhibit A) which records are readily

available to members of the public including prospective employees.

28.     On information and belief this stigmatizing information has been disseminated to members of the public by the Board or its agents.

29.     The Board has made public the stigmatizing statement in a manner that the information will <u>and</u> must reach prospective employers.

30.     Plaintiff's constitutionally protected rights afford her, among other things, an opportunity for a hearing, or other procedure, to clear her name and present evidence and none was afforded her and she was expressly told by Superintendent Barshinger that those rights would be denied her.

31.     Defendants' above-cited actions were made in connection with Roller's dismissal.

32.     Campbell's and Barshinger's above-cited actions were deliberate and/or made in reckless disregard of Plaintiff's constitutional rights.

33.     Each of Defendants' above-cited actions resulted in Roller's dismissal and deprivation of her constitutional rights.

34.     The statement that Roller had unsatisfactory instructional skills is false, based on knowingly false and misleading information from Principal Campbell, and not consistent with her previous record as a teacher in the District.

35.     As a result of Defendants' actions, Roller has incurred damage to her reputation and economic interests, loss of her job, denial of tenure, loss of the ability to seek future employment, suffered emotional distress and humiliation and is continuing to suffer these consequences.

WHEREFORE, Plaintiff Judy Roller, requests that this Court grant her the following

-8-

relief: reinstatement, back pay and benefits, front pay, economic loss, compensatory damages, including but not limited to damages for emotional distress and injury to her reputation, prejudgment interest, costs, reasonable attorney's fees and expenses, including expert witness fees, and grant her such other legal and equitable relief as it deems appropriate.

PLAINTIFF DEMANDS A JURY FOR COUNT III.

**COUNT IV Open Meetings Act Violation(The Board)**

1-19. Plaintiff Roller hereby incorporates paragraph 1 -19 of the Common Allegations as paragraph 1-19 of this Count.

20. The Board's action of March 21, 2005 was in violation of the Illinois Open Meetings Act, 5 ILCS 120/1 *et seq.* and was a final action for the purposes of the Open Meetings Act, 5 ILCS 120/2(e).

21. The Board's final action did not comply with the Open Meetings Act in that, in open session at the Regular Meeting of March 21, 2005, the Board 1) did not publicly recite that Roller was dismissed as of the end of the 2005-2006 school term; and 2) did not precede its final action with a public recital that the dismissal of Roller was being considered or otherwise informing the public of the business being considered; i.e.; that this matter related to the dismissal of a teacher.

22. Sec. 120/2(e) of the Open Meetings Act states "no final action may be taken at a closed meetings. Final action shall be preceded by a public recital of the nature of the matter being considered and other information that will inform the public of the business being conducted".

23. The Board also violated the Open Meetings Act in that before it adjourned to

-9-

closed session in the Special Meeting of March 21, 2005, the Board did not so adjourn upon a majority vote in violation of 5 ILCS 120/2a.

24.    As the Board has violated the Open Meetings Act, this Court has the authority to declare null and void the final action taken on March 21, 2005 against Judy Roller.

WHEREFORE Plaintiff Judith Roller prays and requests this Court 1) 1) grant injunctive relief that all further final Board actions be taken in open meeting; 2) declare null and void the final actions taken against Judy Roller taken at the Board meeting held on March 21, 2005; 3) award her reasonable attorneys fees and costs pursuant to 5 ILCS 120/3(d).

## COUNT V ADEA Violation (The Board)

1 -19.    Plaintiff Roller hereby incorporates paragraphs 1-19 of the Common Allegations as paragraph 1-19 of this Count.

20.    The Court has jurisdiction of this claim pursuant to Section 7 of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. Sec. 626 and pursuant to 28 U.S.C. Sec. 1331.

21.    This claim properly lies in this district pursuant to 28 U.S.C. Sec. 1391 because the claim arose in this district.

22.    Plaintiff was 52 years of age when she was notified that her contract would not be renewed and she would be dismissed at the end of the 2004-2005 school year.

23.    At all relevant times hereto, Plaintiff performed her job in a satisfactory manner.

24    There was no legitimate business reason for Plaintiff's dismissal.

25.    Plaintiff's position was given to a younger employee, age under 40.

26.    By terminating Plaintiff, the Board and its agents have willfully and intentionally

-10-

discriminated against her on the basis of her age.

27.     Further, by terminating Plaintiff's employment, Defendant knew and/or showed reckless disregard for the matter of whether its conduct violated the ADEA.

28.     Plaintiff filed a Charge with the EEOC on April 21, 3005, and later an Amended Charge (attached hereto as Exhibits B and C), this matter has been before the EEOC for more than sixty (60) days and Plaintiff has received her Right to Sue letter (Exhibit D attached hereto).

29.     As a result of the unlawful and willful acts complained of herein, Plaintiff has suffered loss of employment, loss of continued contractual service, wages, benefits, including pension, and other compensation.

WHEREFORE Plaintiff Judith Roller respectfully requests that this Court enter an Order granting her the following: 1) reinstatement to her teaching position, renewal of her contract for the 2005-2006 school year, continued contractual service with District 41, all back pay, employee benefits, pension benefits and other compensation; 2) if no comparable position is available, then an award for front pay and all prospective lost benefits; 3) an award for liquidated damages, attorney's fees and costs, and any other legal and equitable relief that this Court deems appropriate.

PLAINTIFF DEMANDS A JURY TRIAL FOR COUNT V.

JUDITH ROLLER

By: _Kathleen H. Gorr_

Her Attorney

Kathleen H. Gorr
Kathleen H. Gorr, P.C.
0S125 Church St., 2nd Floor

-11-

Winfield, Illinois 60190
Tele: 630/782-0589

## CERTIFICATE OF SERVICE

Kathleen H. Gorr, an attorney, hereby certifies that she served the foregoing on Anne Lokken, Franczek Sullivan P.C., 300 S. Wacker Dr., Ste 3400, Chicago, IL 60606, by fax and first class mail, postage prepaid, this 27th day of Sept. 2005 from Winfield, Illinois.

*Kathleen H. Gorr*

-12-



## Glen Ellyn School District 41

Dr. Jack Barshinger, Superintendent

**MINUTES**
**BOARD OF EDUCATION REGULAR MEETING**
**MARCH 21, 2005 - 7:30 P.M.**
**DISTRICT 41 ADMINISTRATION CENTER**
**MARY J. LUGINBILL BOARD ROOM**

**BOARD OF EDUCATION LISTENING POST:** Board members DiFabio and Marcheschi were available between 7:00 and 7:30 during the Listening Post to provide an opportunity for informal conversation between residents and the Board.

I.  **CALL TO ORDER:** President Vivoda called the meeting to order at 7:30 p.m.

II. **PLEDGE OF ALLEGIANCE**

III. **ROLL CALL:** Members present: DiFabio, Hoffman, Marcheschi, McElvain, Ruckstaetter, Snodell and Vivoda.

IV. **CONTINUOUS IMPROVEMENT IN TEACHING AND LEARNING**
- Dr. John Correll, Assistant Superintendent for Teaching, Learning and Accountability, spoke briefly about the rationale for renaming this segment of the Board meeting to align with the District's Strategic Focus which emphasizes continuous improvement in teaching and learning. Future presentations will showcase student learning.
- Carol Barsotti, Instructional Technology Specialist introduced Lincoln teacher, Terry Dutton's fourth graders and gave a short overview of the District's 3rd-4th Grade Keyboarding Program. The program, funded through the generosity of the PEP Foundation, allows the third and fourth grade students to take home portable keyboards, known as Smartwriters to practice their keyboarding skills. Following Mrs. Barsotti's presentation, students provided a short demonstration and training for Board members on how to use Smartwriters.

Board member and PEP liaison, John Ruckstaetter, expressed his gratitude to D41 parents, and others who have generously donated to the PEP Foundation. PEP is also housing resources for two playgrounds in this district.

Mrs. Barsotti announced that the PEP Foundation is contributing $500 to the technology showcase being held on April 13th at Glenn West Lake Middle School in Lombard. The showcase will feature students from all the Glenbard area schools, grades K-12, demonstrating their use of 21st century technologies in the schools.

V.  **PUBLIC PARTICIPATION:** There was no public participation.

EXHIBIT A

**VI.** **CONSENT AGENDA:** *The March 21, 2005 Personnel Report was removed from the Consent Agenda and moved into Action Items, A2.*

    A. Teaching, Learning and Accountability. No action.

    B. Policy/Procedures. No action.

    C. Finance, Facilities and Operations *(\$ denotes financial attachment)*

        1. Treasurer's Report (\$ Attachment 1)

        2. Investment Schedule (\$ Attachment 2)

        3. Cash Balances Report (\$ Attachment 3)

        4. Variance Report: Revenues by Fund (\$ Attachment 4)

        5. Variance Report: Expenditures by Fund (\$ Attachment 5)

        6. Accounts Payable and Payroll (\$ Attachment 6)

        7. Vandalism Report (\$ Attachment 7)

        8. Disposal of Surplus Property (\$ Attachment 8)

        9. 2004-2005 FOIA Report (\$ Attachment 9)

        10. Ben Franklin Storm Drainage Improvements (\$ Attachment 10)

        11. D41 Self Funded Insurance Program (\$ Attachment 11)

        12. D41 Life Insurance Program (\$ Attachment 12)

    D. Other Matters:

        Approval of February 28, 2005 Board of Education Regular Meeting and Closed Session Minutes; March 14, 2005 Board Policy Committee Meeting Minutes; February 7, 2005 Parent-Teacher Advisory Committee Meeting Minutes

*Mr. DiFabio moved and Mr. Snodell seconded to approve to approve the actions and accept the recommendations of Section VI, Consent Agenda as amended. On a roll call vote answering Aye: DiFabio, Hoffman, Marcheschi, McElvain, Ruckstaetter, Snodell and Vivoda. Answering Nay: None. Motion carried*

**VII.** **ACTION ITEMS**

    A. Teaching, Learning and Accountability

        1. Program Plan: Dr. Correll and Dr. Ludolph provided the board with an overview of the recommended changes to the District's 2005-2006 Program Plan. The proposed plan included the following new positions:

            • Six new teachers (to accommodate increased enrollment)

            • Second Literacy Specialist at Hadley (to help improve reading scores)

            • Staff Development Specialist (this position was approved last year, to be filled this year)

            • Administrative Assistant to the Human Resource Department (to bring outsourced tasks back in-house and to provide clerical support.)

            • Program Transition Facilitator (to coordinate district-wide special education programs.)

            • District Activities Director (.1 part time position that will evaluate the performance of staff in supplemental pay positions)

            • Two night custodians (to assist in the cleaning of extra portable units at Lincoln, Churchill, Forest Glen and Hadley)

*Mrs. McElvain moved and Mr. Ruckstaetter seconded that the Board of Education authorize the superintendent to begin assignment and employment of staff according to the attached 2005-06 Program Plan as presented. On a roll call vote answering Aye: Snodell, DiFabio, Hoffman, Marcheschi, McElvain, Ruckstaetter and Vivoda. Answering Nay: None. Motion carried.*

(Attachment)

2. The Administration recommended that the Board of Education accept the following personnel actions and recommendations as presented in the March 21, 2005 Personnel Report attached.

(Attachment)

Resignations and Leave Requests
*Mr. DiFabio moved and Mrs. Hoffman seconded to approve the Resignations and Leave Requests as presented on the attached. On a roll call vote answering Aye: Ruckstaetter, Snodell, DiFabio, Hoffman, Marcheschi, McElvain and Vivoda. Answering Nay: None. Motion carried.*

Internal Transfers and Retirements
*Mr. Marcheschi moved and Mrs. McElvain seconded to approve the Internal Transfers and Retirements as presented on the attached. On a roll call vote answering Aye: McElvain, Ruckstaetter, Snodell, DiFabio, Hoffman, Marcheschi and Vivoda. Answering Nay: None. Motion carried.*

The Administration recommended that the Board of Education accept the following personnel actions and recommendations as presented in the March 21, 2005, Recommendations for Employment or Dismissal of Personnel Report attached:

(Attachment)

Re-employment of First Year Full-Time Probationary Teachers
*Mrs. Hoffman moved and Mr. DiFabio seconded to accept the recommendation to re-employ first year full-time probationary teachers for the 2005-2006 school year as presented on the attached. On a roll call vote answering Aye: Marcheschi, McElvain, Ruckstaetter, Snodell, DiFabio, Hoffman and Vivoda.*

Release of First Year Full-Time Probationary Teachers
*Mr. Marcheschi moved and Mr. Snodell seconded to accept the recommendation to release first year full-time probationary teachers at the end of the 2004-2005 school year as presented on the attached. On a roll call vote answering Aye: Hoffman, Marcheschi, McElvain, Ruckstaetter, Snodell, DiFabio, Vivoda. Answering Nay: None. Motion carried.*

Re-employment of First Year Part-Time Probationary Teachers
*Mr. Ruckstaetter moved and Mr. Marcheschi seconded to accept the recommendation to re-employ first year part-time probationary teachers for the 2005-2006 school year as presented on the attached. On a roll call vote answering Aye: DiFabio, Hoffman, Marcheschi, McElvain, Ruckstaetter, Snodell and Vivoda*

Release of First Year Part-Time Probationary Teachers
*Mrs. McElvain moved and Mr. Marcheschi seconded to accept the recommendation to release first year part-time probationary teachers at the end of the 2004-2005 school year as presented on*

*the attached. On a roll call vote answering Aye: Snodell, DiFabio,
Hoffman, Marcheschi, McElvain, Ruckstaetter and Vivoda.
Answering Nay: None. Motion carried.*

Re-employment of Second Year Full-time Probationary Teachers
*Mr. Ruckstaetter moved and Mr. Marcheschi seconded to accept
the recommendation to re-employ second year full-time
probationary teachers for the 2005-2006 school year as presented
on the attached. On a roll call vote answering Aye: Ruckstaetter,
Snodell, DiFabio, Hoffman, Marcheschi, McElvain and Vivoda.
Answering Nay: None. Motion carried.*

Re-employment of Third Year Full Time Probationary Teachers
*Mr. DiFabio moved and Mr. Marcheschi seconded to accept the
recommendation to re-employ third year full time probationary
teachers for the 2005-2006 school year as presented on the
attached. On a roll call vote answering Aye: McElvain,
Ruckstaetter, Snodell, DiFabio, Hoffman, Marcheschi and Vivoda.
Answering Nay: None. Motion carried.*

Re-employment and Tenure for Fourth Year Full-time Probationary
Teachers First Employed after January 1, 1998
*Mr. Ruckstaetter moved and Mr. Marcheschi seconded to accept
the recommendation that fourth year full-time probationary
teachers first employed after January 1, 1996 be re-employed for
the 2005-2006 school year as presented on the attached, and
these teachers receive tenure for 2005-2006. On a roll call vote
answering Aye: Marcheschi, McElvain, Ruckstaetter, Snodell,
DiFabio, Hoffman and Vivoda. Answering Nay: None. Motion
carried.*

Release of Fourth Year Full-time Probationary Teachers
*Mrs. McElvain moved and Mr. Marcheschi seconded to accept the
recommendation to release fourth year full-time probationary
teachers at the end of the 2004-2005 school year as presented on
the attached. On a roll call vote answering Aye: Hoffman,
Marcheschi, McElvain, Ruckstaetter, Snodell, DiFabio and Vivoda.
Answering Nay: None. Motion carried.*

Re-employment of Part-Time Non-tenured Teachers
*Mrs. Hoffman moved and Mr. DiFabio seconded to accept the
recommendation to re-employ part-time, non-tenured teachers for
the 2005-2006 school year as presented on the attached. On a roll
call vote answering Aye: DiFabio, Hoffman, Marcheschi, McElvain,
Ruckstaetter, Snodell and Vivoda. Answering Nay: None. Motion
carried.*

Superintendent's Contract, July 1, 2005 – June 30, 2010
*Mr. Snodell moved and Mr. DiFabio seconded that the Board of
Education adopt the attached resolution approving and authorizing
the President and Secretary to sign an agreement with Dr.
Barshinger terminating the current contract, July 1, 2003 through
June 30, 2006 and to approve and execute a new five-year
performance-based contract with Dr. Barshinger July 1, 2005
through June 30, 2010. On a roll call vote answering Aye: Snodell,*

*DiFabio, Hoffman, Marcheschi, McElvain, Ruckstaetter and Vivoda. Answering Nay: None. Motion carried.*

(Attachment)

B. Policy/Procedures
   1. First Reading:
      a. Revised Job Descriptions
         i.   Administrative
         ii.  GEEA
         iii. AFSCME
      b. Revised Board Member Code of Conduct (#2-80E)
      c. Revised Leave of Absence (#5:250)

*Mr. Marcheschi moved and Mr. Ruckstaetter seconded to approve the first reading of the job descriptions and revised school board policies as presented. Motion carried on a unanimous voice vote.*

(Attachment)

   2. Second Reading:
      a. Section 4, Operational Services (New). It was noted that Policy #4:10, Fiscal and Business Management, Paragraph 2 – Budget Planning should be amended to reflect that the Superintendent shall present a tentative budget to the Board, no later than the first regular meeting in May, rather than June.
         It was also noted that Policy #4:200, Fund
         Balance Provisos was removed from Section IV for more reflection and discussion and is appropriately noted in the Table of Contents Section.
      b. Policy #8:25, Sponsorship & Distribution of Materials in Schools Provided by Non-School Related Facilities
      c. Policy #8:25AP, Administrative Procedure for Sponsorship and Distribution of Materials in Schools Provided by Non-School Related Entities

      President Vivoda thanked Policy Committee members for their diligence during the lengthy review process of the District's school board policies and procedures.

*Mr. Ruckstaetter moved and Mrs. Hoffman seconded to approve and adopt the second reading of the above school board policies as amended. Motion carried on a unanimous voice vote.*

(Attachment)

C. Finance, Facilities and Operations
   1. Portable Classroom Bid ($ Attachment 13)
      Based on the successful completion of the on-site inspection of the "like new" portable classroom units proposed for Churchill and Franklin schools on Friday, March 18, 2005, and in and consultation with FGM Architects, the Administration recommended that the Board of Education:

      a. Approve a 5-year lease for the portable classroom units (two new and two "like new" units at an annual cost of $254,364). Details

of this proposal are outlined in the in the Blended Option attached.
b. Authorize the Administration to execute the lease agreements with Innovative Modular Solutions, pending legal review and comment.

Discussion ensued regarding the advantages of leasing "new" and "like new" portable classroom units vs. purchasing used units. Dr. Barshinger explained that this is a departure from past practice, but the cost differential between "like new" and used is not substantial. Also, the used two-rooms that are available are substantially older-approximately 1997 models--and the age in this instance could have a detrimental impact. The proposed lease agreement includes subcontracting the whole project except for furniture and will not require internal resources to manage the move and refurbishing of used units.  A further advantage of leasing is freeing the District from the responsibility of disposing the units when they are no longer which involves associated costs such as marketing, dismantling and storing the units.

President Vivoda recommended that the lease agreement include both a 2-year kick-out clause in the event the portables are no longer needed, and also an extension clause if the event that the portables are needed longer than expected.

Board members Snodell and Ruckstaetter requested additional information on cost differential and disposal and cash flow assumptions between buying vs. leasing.

Dr. Barshinger reported that details have been worked out with the Village regarding the placement of the portables units except for Lincoln School. The Lincoln site is now considered a flood plain, but wasn't at the time of the first portable placement. The two portables will be placed at the West End of Lincoln School. There will also be some tree removal, but it is not because of the portable placement.

*Mr. DiFabio moved and Mrs. Hoffman seconded to approve the Administration's recommendation for a 5-year lease as presented and authorize the Administration to execute lease agreements with Innovative Modular Solutions, pending legal review and comment. On a roll call vote answering Aye: DiFabio, Hoffman, McElvain, Snodell and Vivoda. Answering Nay: Marcheschi, Ruckstaetter. Motion carried.*

## VIII.  BOARD REPORTS
    A.  Committee Reports
        1.  Policy Committee: Addressed earlier in the meeting.
        2.  Finance Committee: No report
        3.  Capital Improvement Committee: No report
    B.  Liaison Reports
        1.  PTA Liaison Assignments:
            a.  Executive Council: Mrs. Hoffman reported on the meeting she attended earlier in the day. The meeting was well-attended with good discussion. Really have their act together and appreciate all the work. (DiFabio)
            b.  Hadley: No report.

      c. Churchill: Mr. Snodell reported on the Churchill PTA meeting, the focus of which was a board candidates' forum.
      d. Forest Glen: No report.
      e. Franklin: No report.
      f. Lincoln: No report.
      g. Special Education Resource Committee: No report.
   2. Continuous Improvement Team: No report.
   3. Learning Leadership Team: No report.

## IX. SUPERINTENDENT'S REPORT

A. Architectural Review Process Update: Dr. Barshinger reported that the review team (Barshinger, Hoffman, Correll and Maylath) met earlier in the day and selected three finalists: Concept 3, FGM and Healey Bender. Final interviews are tentatively scheduled for April 11 and 13, 2005.

B. Park District Collaboration" Dr. Barshinger reported on current discussion with Cory Atwell, Glen Ellyn Park District for building a new fifth and sixth grade school. The first concept involves the construction of two fifth-sixth grade centers and would include the demolition of the existing structure at Main Street property, and replacing it with a combination 450 student school/park district facility, with the understanding that the District would build a second 450-student school on the north side of town. Dr. Barshinger emphasized that this concept is quite different from what has been discussed and/or considered in the past. He added that he has not yet conducted pluses/deltas or a funding proposal for this concept and acknowledged that there could be huge cost implications.

(Attachment)

The second concept was for a 900-student facility on the west end of the Hadley school site.

(Attachment)

Dr. Barshinger reiterated that these are tentative ideas that are being discussed with the Park District as potential possibilities and recommended that the Board authorize him to continue to work with the Park District and his Administration on costs, programmatic issues, etc.

C. French Textbooks Adoption: Dr. Barshinger gave notice that the French Textbooks for Hadley Junior High School will be on display at the Central Services Office until the April 18, 2005 board meeting. The Administration will recommend Board adoption at their April meeting.

## X. DISCUSSION ITEMS:

President Vivoda recommended that the Board conduct a special workshop on April 11, 7:00 p.m. for newly elected board members to discuss the board transition and matters such as finances, architectural recommendations and selection, 2005-2006 draft budget, portable lease or purchase options, etc.,

## XI. ANNOUNCEMENT SECTION:

A. Upcoming Board meetings:
   April 11, 2005, 7:00 p.m. (Special Board Workshop)

April 18, 2005, 7:30 p.m. (Regular Board Meeting)
April 25, 2005, 7:30 p.m. (Special Board Reorganization Meeting)

## XII.   ADJOURNMENT:

*There being no further business, Mr. DiFabio moved and Mr. Snodell seconded to adjourn the meeting at 9:20 p.m. Motion carried on a unanimous voice vote.*

Recorded: March 21, 2005

_____

Deborah M. Hoffman, Secretary

Approved: April 18, 2005

_____

John J. Vivoda, *President*

## RESOLUTION AUTHORIZING NOTICE OF DISMISSAL TO
## FINAL-YEAR PROBATIONARY TEACHERS

**BE IT RESOLVED** by the Board of Education of Glen Ellyn School District No. 41, DuPage County, Illinois, as follows:

SECTION 1:   That this Board of Education hereby determines that those teachers listed on **EXHIBIT 1**, attached hereto and made a part hereof, are hereby dismissed as teachers in this School District effective at the end of the present school term.

SECTION 2:   That the President and Secretary of this Board of Education are hereby authorized and directed to give to the persons listed on **EXHIBIT 1**, by certified mail, return receipt requested, a written notice of this Board's decision to dismiss them at the end of the present school term, which notice shall be substantially in the form of **EXHIBIT 2**, attached hereto and made a part hereof.

SECTION 3:   This Resolution shall be in full force and effect from and after its adoption.

ADOPTED this 21st day of ___MARCH___, 2005, by the following roll call vote:

AYES: _HOFFMAN, MARCHESCHI, McELVAIN, RUCKSTAETTER, SNODELL, DiFABIO, VIVODA_

NAYS: ___NONE___

ABSENT: ___NONE___

President, Board of Education

ATTEST:

Secretary, Board of Education

**EXHIBIT 1**

### FINAL YEAR PROBATIONARY TEACHERS DISMISSED
### EFFECTIVE AT THE CLOSE OF THE 2004-2005 SCHOOL TERM

Judy Roller

 **Glen Ellyn School District 41**

A K-8 district serving parts of Carol Stream, Glendale Heights, Glen Ellyn, Lombard and Wheaton

---

**BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

March 21, 2005

Judy Roller
301 Van Damin
Glen Ellyn, IL 60137

Dear Judy:

You are hereby notified that pursuant to Section 24-11 of the Illinois School Code, you are dismissed as a teacher in this District effective at the end of the present 2004-2005 school term and, therefore, you will not be re-employed for the 2005-2006 school term. Your employment in and services to the school district shall terminate at the end of the school day on June 3, 2005. The reason for your termination are as follows:

1.    You are unsatisfactory in the area of Instructional Skills

Very truly yours,

Glen Ellyn School District No. 41,
DuPage County, Illinois

By: _____
President, Board of Education

ATTEST:

_____
Secretary, Board of Education

---

STATE OF ILLINOIS  )
                         )

COUNTY OF DUPAGE  )

## SECRETARY'S CERTIFICATE

I, the undersigned, do hereby certify that I am the duly qualified and acting secretary of the Board of Education of Glen Ellyn School District No. 41, DuPage County Illinois, and that the attached is a true and correct copy of a Resolution entitled:

## RESOLUTION AUTHORIZING NOTICE OF DISMISSAL TO
## FINAL YEAR PROBATIONARY TEACHERS

That said Resolution has been adopted by a motion duly made, seconded and carried by the affirmative vote of a majority of all members of the Board of Education voting at a duly convened meeting held on March 21, 2005 and has been signed and approved by the President and the Secretary; that the Resolution is now a part of the official records of the Board of Education; and the same has not in any manner been revoked or rescinded, that the attached copy shows the vote for and against the adoption of said Resolution as said vote was recorded; and that the President and each and every member of said Board had due and timely notice of the meeting at which said Resolution was adopted, all as appears from the official records of the proceedings of said Board.

Dated this 21st day of *March*          , 2005.

*DM Hoffman*
Secretary, Board of Education

Subscribed and Sworn
to before me this 21st  day
of *March*      , 2005.

*Maureen S Stecker*
Notary Public

OFFICIAL SEAL
MAUREEN S STECKER
NOTARY PUBLIC  STATE OF ILLINOIS
MY COMMISSION EXPIRES: 07-02-06

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | *AMENDED* |
| ☒ EEOC | 210-2005-04511 |

Illinois Department Of Human Rights _____ and EEOC

*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Judy A. Roller | (630) 858-2856 | 07-07-1952 |

Street Address _____ City, State and ZIP Code

301 Van Damin Glen Ellyn, IL 60137

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| GLEN ELLYN SCHOOL DISTRICT 41 | Unknown | (630) 790-6400 |

Street Address _____ City, State and ZIP Code

793 N. Main Street, Glen Ellyn, IL 60137

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

Street Address _____ City, State and ZIP Code

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 03-21-2005 | 03-21-2005 |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I have been employed by the above named Respondent since August, 1998 as a Physical Education Teacher. After receiving three satisfactory evaluations toward attaining tenure, I received an unsatisfactory evaluation on my fourth and last evaluation. Respondent denied me tenure on March 21, 2005 and informed me that I would be discharged effective June 3, 2005. Four younger teachers were granted tenure by the new principal.

I believe that I have been discriminated against because of my age, fifty two (DOB 7-7-1952), in violation of Age Discrimination in Employment Act of 1967.

RECEIVED EEOC

APR 2 1 2005

CHICAGO DISTRICT OFFICE

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Apr 21, 2005 *(Date)*  *Judy Roller* *(Charging Party Signature)* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EXHIBIT B

EEOC
500 W. Madison Street, Suite 2800
Chicago, IL 60661

EEOC Charge No. 210-2005-04511

Re:    Complainant, Judy Roller/Respondent, Glen Ellyn School District 41

## AMENDED CHARGE

I have been employed by the above-named Respondent since August 1998 as a Physical
Education Teacher. In the year 2001 I became a full-time teacher and therefore eligible for tenure
after completing four years of satisfactory service. After receiving one satisfactory evaluation in
2002 and two excellent evaluations from 2003 and 2004, I received an evaluation on my fourth
and last year of probationary employment which contained one unsatisfactory component and
three satisfactory components. Respondent denied me tenure on March 21, 2001 and informed
me that I would be discharged effective June 3, 2005. Four younger teachers in my school were
granted tenure.

I believe that I have been discriminated against because of my age, fifty-two (DOB 7-7-52), in
violation of Age Discrimination and Employment Act of 1967.

I want this Charge filed with both the EEOC
and the State or local Agency, if any. I will
advise the agencies if I change my address
or phone number and I will cooperate fully
with them in the processing of my charge in
accordance with their procedures.

I declare under penalty of perjury that the
above is true and correct.

Judy Roller/Charging party                                    Date: May 4, 2005

SWORN AND SUBSCRIBED to
before me this 4th day of
May 2005

Notary Public

> OFFICIAL SEAL
> KATHI DOUGLAS
> NOTARY PUBLIC, STATE OF ILLINOIS
> MY COMMISSION EXPIRES 9-20-2005

                                                          EXHIBIT C

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE

(Issued on request)

| To: Judy A. Roller | From: |
|---|---|
| 301 Van Damin | **Equal Employment Opportunity Commission** |
| Glen Ellyn, Illinois 60137 | **Chicago District Office** |
| | **500 West Madison, Suite 2800** |
| Certified: 7001 1940 0003 8829 9120 | **Chicago, Illinois 60661** |
| ☐ On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 C.F.R. 1601.7(a)) | |

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| **210-2005-04511 Amended** | **Janice Streeter, Investigator** | **(312) 353-8658** |

( See the additional information attached to this form )

**TO THE PERSON AGGRIEVED:** This is your NOTICE OF RIGHT TO SUE. It is issued at your request. If you intend to sue the respondent(s) named in your charge, YOU MUST DO SO WITHIN NINETY (90) DAYS OF YOUR RECEIPT OF THIS NOTICE: OTHERWISE YOUR RIGHT TO SUE IS LOST.

☐ More than 180 days have expired since the filing of this charge.

☒ Less than 180 days have expired since the filing of this charge, but I have determined that the Commission will be unable to complete its process within 180 days from the filing of the charge.

☒ With the issuance of this NOTICE OF RIGHT TO SUE, the Commission is terminating its process with respect to this charge.

☐ It has been determined that the Commission will continue to investigate your charge.

☒ **ADEA:** While Title VII and the ADA require EEOC to issue this notice of right to sue before you can bring a lawsuit, you may sue under the Age Discrimination in Employment Act (ADEA) any time 60 days after your charge was filed until **90 days after you received notice that EEOC has completed action on your charge.**

☒ Because EEOC is closing your case, your lawsuit under the ADEA must be brought within 90 days of your receipt of this notice. Otherwise, your right to sue is lost.

☐ EEOC is continuing its investigation. You will be notified when we have completed action and, if appropriate, our notice will include notice of right to sue under the ADEA.

☐ **EPA:** While Title VII and the ADA require EEOC to issue this Notice of Right to Sue before you can bring a lawsuit, you already have the right to sue under the Equal Pay Act (EPA) (You are not required to complain to any enforcement agency before bringing an EPA suit in court). EPA suits must be brought within 2 years (3 years for willful violations) of the alleged EPA underpayment.

On Behalf of the Commission

_9-27-05_
(Date)

_John P. Rowe_
John P. Rowe, District Director

Enclosures
Information Sheet
Copy of Charge

cc: Respondent(s)    **Glen Ellyn School District 41**

EEOC Form 161-B (Test 10/94)

Exhibit D