IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Judith Roller,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 05 C 3638** |
| v. | ) | |
| | ) | |
| **Board of Education of Glen Ellyn** | ) | **Judge Kennelly** |
| **School District #41, Principal Laura** | ) | |
| **Campbell and Superintendent Jack** | ) | |
| **Barshinger,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ANSWER TO AMENDED COMPLAINT**

NOW comes Defendants, Board of Education of Glen Ellyn School District #41, Principal Laura Campbell and Superintendent Jack Barshinger,, (hereinafter referred to as "Defendants" or "School District") by their attorneys, Franczek Sullivan P.C. and in answer to the Amended Complaint state as follows:

**COMMON ALLEGATIONS – THE PARTIES AND BACKGROUND**

1.  Plaintiff Judith Roller is a resident of Glen Ellyn and Glen Ellyn School District #41, DuPage County, Illinois and has been employed by the Board as a teacher at Abraham Lincoln Elementary School in Glen Ellyn, Illinois ("Lincoln School").

**ANSWER:**

Defendants admit the allegations in Paragraph 1 of the Amended Complaint.

2.  Defendant Board of Education of Glen Ellyn School District #41 ("the Board") is a body politic duly organized and existing under the laws of the State of Illinois, which operates elementary schools in and near Glen Ellyn, all within DuPage County, Illinois, including Lincoln School.

**ANSWER:**

Defendants admit the allegations in Paragraph 2 of the Amended Complaint.

3. Defendant Laura Campbell is an employee of in Glen Ellyn Schools District #41 ("District 41") and for the school year 2004-2005 was the Principal of Lincoln School and Plaintiff Roller's immediate supervisor.

**ANSWER:**

Defendants admit the allegations in Paragraph 3 of the Amended Complaint.

4. Jack Barshinger is Superintendent of District #41 and has been for the 2004-2005 school term.

**ANSWER:**

Defendants admit the allegations in Paragraph 4 of the Amended Complaint.

5. Plaintiff Roller is an elementary school teacher duly certified by the State of Illinois Teacher Certification Board. She holds a Bachelor of Science in Education from the University of Illinois at Chicago, with a major in Physical Education, and a Masters of Arts in Teaching and Leadership from St. Xavier University in Chicago, Illinois.

**ANSWER:**

Defendants admit the allegations in Paragraph 5 of the Amended Complaint.

6. In 1997, Plaintiff Roller began teaching physical education, as a substitute teacher in Glen Ellyn Schools District #41 ("District 41"). She subsequently taught physical education part-time there until the 2001-2002 school year.

**ANSWER:**

Defendants admit that Plaintiff was a substitute teacher in District 41 beginning in August 1997. Defendants admit that Plaintiff taught physical education part-time in District 41 from August 1998 to June 2001. Defendants deny the remaining allegations in Paragraph 6 of the Amended Complaint.

7. In 2001, Plaintiff Roller was given a yearly full-time contract to teach physical education at District #41 and she continued teaching as a probationary full-time teacher in the District for the next 4 years.

**ANSWER:**

Defendants admit that Plaintiff was given annual contracts to teach physical education full-time for District 41 for the 2001-2002, 2002-2003, 2003-2004 and 2004-2005 school years. Defendants deny the remaining allegations in Paragraph 7 of the Complaint.

8. Each year that Plaintiff Roller was a full time teacher at District #41, she received evaluations. For the first year in which she was a full-time teacher (2001), and each subsequent school year until the 2004-2005 term, she received evaluations of "excellent" in every category.

**ANSWER:**

Defendants admit the allegations in Paragraph 8 of the Amended Complaint.

9. In the late Fall of 2004 and January 2005, Lincoln School Principal Laura Campbell, performed a assessment of Roller in which she rated Roller unsatisfactory in instructional skills. She also rated Roller "satisfactory" in the remaining categories.

**ANSWER:**

Defendants admit the allegations in Paragraph 9 of the Amended Complaint.

10. The unsatisfactory rating was erroneous and intentionally misleading on the part of Campbell in that, among other things, she rated Roller as unsatisfactory in a 20 minute gym class instruction for performing a visual assessment of the students' progress in learning the rudiments of volleyball, when Principal Campbell had been given a lesson plan earlier and knew that the lesson plan included a visual assessment (as opposed to, for instance, a checklist), and made no negative comment about that type of assessment.

**ANSWER:**

Defendants admit that Plaintiff was rated unsatisfactory in the area of instructional skills. Defendants admit that the January 2005 observation of Plaintiff by Principal Campbell involved

3

Plaintiff introducing the skill of serving a volleyball to third graders. Defendants also admit that Plaintiff submitted a lesson plan to Principal Campbell prior to the January 2005 observation. Defendants deny all remaining allegations in Paragraph 10 of the Amended Complaint.

11. In addition, Principal Campbell, in her assessment, stated that Roller had "yelled" at the students, yet Campbell clarified orally to Roller that Roller had not yelled at any student, but had raised her voice in the gym when speaking to students (which were not criticisms or derogatory in any way), instead of walking over to the student.

**ANSWER:**

Defendants admit that Principal Campbell's evaluations of Plaintiff indicated that Plaintiff had "yelled 'Hold it' and 'Okay'" to students to gain their attention, and that Principal Campbell stated orally to Roller that raising her voice to gain attention was not an effective method. Defendants deny the remaining allegations in Paragraph 11 of the Amended Complaint.

12. Roller replied that she had stated words of encouragement to the students (such as "you can do it; hang in there") and that such words of encouragement to one student were meant to encourage the entire group.

**ANSWER:**

Defendants deny the allegations in Paragraph 12 of the Amended Complaint.

13. Principal Campbell clarified to Roller that she did not mean to say, in the assessment, that Roller actually yelled or criticized students but Campbell at no time changed the assessment.

**ANSWER:**

Defendants admit that Principal Campbell did not change her assessments of Roller. Defendants deny the remaining allegations in Paragraph 13 of the Amended Complaint.

14. Until the 2004-2005 school year (Roller's final probationary year), Roller had never had a rating of less than satisfactory in any category.

**ANSWER:**

Defendants admit the allegations in Paragraph 14 of the Amended Complaint.

15. At no time in her years of teaching at District 41 has a student, parent or co-worker ever made a complaint about Roller, nor has Roller ever been reprimanded by her superior.

**ANSWER:**

Defendants admit that Plaintiff was not formally reprimanded (disciplined) by her superior. Defendants deny the remaining allegations in Paragraph 15 of the Amended Complaint.

16. In 2005, Roller's contract came before the Board for renewal for the 2005-2006 school term, and Campbell and Barshinger recommended that Roller's contract not be renewed.

**ANSWER:**

Defendants admit the allegations in Paragraph 16 of the Amended Complaint.

17. Under the Illinois School Code, 105 ILCS 5/24-11, if the Board takes no action, or if the Board renews her contract, she will automatically receive continued contractual rights, otherwise known as tenure.

**ANSWER:**

Defendants admit the allegations in Paragraph 17 of the Amended Complaint.

18. Also, under Sec. 5/24-11 of the Illinois School Code, if the Board fails to renew a full-time probationary teacher's contract at the end of 4 years and dismisses the teacher, the Board must give a specific reason for the dismissal and non-renewal within 45 days of the end of the school year.

**ANSWER:**

Defendants admit the allegations in Paragraph 18 of the Amended Complaint.

19. On March 21, 2005, the Board resolved not to renew Roller's contract for the 2005-2006 school term and also resolved to dismiss her at the end of the 2004-2005 school year.

**ANSWER:**

Defendants admit the allegations in Paragraph 19 of the Amended Complaint.

### COUNT I – DECLARATORY JUDGMENT (THE BOARD)

Defendants have moved to dismiss Count I because Plaintiff failed to state a claim upon which relief can be granted.

### COUNT II – WRIT OF CERTIORARI (THE BOARD)

Defendants have moved to dismiss Count II because Plaintiff failed to state a claim upon which relief can be granted.

### COUNT II [SIC]– 42 U.S.C. SEC. 1983 (ALL DEFENDANTS)

Defendants have moved to dismiss Count III because Plaintiff failed to state a claim upon which relief can be granted.

### COUNT IV – OPEN MEETINGS ACT VIOLATION (THE BOARD)

Defendants have moved to dismiss Count IV because Plaintiff failed to state a claim upon which relief can be granted.

### COUNT V – ADEA VIOLATION (THE BOARD)

1-19. Plaintiff Roller hereby incorporates paragraphs 1-19 of the Common Allegations as paragraphs 1-19 of this Count.

**ANSWER:**

283041.1

Defendants incorporated their answers to Paragraphs 1-19 of the Common Allegations as answers to Paragraphs 1-19 of Count V.

20. The Court has jurisdiction of this claim pursuant to Section 7 of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. Sec. 626 and pursuant to 28 U.S.C. Sec. 1331.

**ANSWER:**

Defendants admit the allegations in Paragraph 20 of the Amended Complaint.

21. This claim properly lies in this district pursuant to 28 U.S.C. Sec. 1391 because the claim arose in this district.

**ANSWER:**

Defendants admit the allegations in Paragraph 21 of the Amended Complaint.

22. Plaintiff was 52 years of age when she was notified that her contract would not be renewed and she would be dismissed at the end of the 2004-2005 school year.

**ANSWER:**

Defendants admit the allegations in Paragraph 22 of the Amended Complaint.

23. At all relevant times hereto, Plaintiff performed her job in a satisfactory manner.

**ANSWER:**

Defendants deny the allegations in Paragraph 23 of the Amended Complaint.

24. There was no legitimate business reason for Plaintiff's dismissal.

**ANSWER:**

Defendants deny the allegations in Paragraph 24 of the Amended Complaint.

283041.1

25. Plaintiff's position was given to a younger employee, age under 40.

**ANSWER:**

Defendants admit the allegations in Paragraph 25 of the Amended Complaint.

26. By terminating Plaintiff, the Board and its agents have willfully and intentionally discriminated against her on the basis of her age.

**ANSWER:**

Defendants deny the allegations in Paragraph 26 of the Amended Complaint.

27. Further, by terminating Plaintiff's employment, Defendant knew and/or showed reckless disregard for the matter of whether its conduct violated the ADEA.

**ANSWER:**

Defendants deny the allegations in Paragraph 27 of the Amended Complaint.

28. Plaintiff filed a Charge with the EEOC on April 21, 3005 [sic], and later an Amended Charge (attached hereto as Exhibits B and C), this matter has been before the EEOC for more than sixty (60) days and Plaintiff has received her Right to Sue letter (Exhibit D attached hereto).

**ANSWER:**

Defendants admit the allegations in Paragraph 28 of the Amended Complaint with the correction that the Plaintiff filed a Charge with the EEOC on April 21, 2005, not April 21, 3005.

29. As a result of the unlawful and willful acts complained of herein, Plaintiff has suffered loss of employment, loss of continued contractual service, wages, benefits, including pension, and other compensation.

**ANSWER:**

Defendants deny the allegations in Paragraph 29 of the Amended Complaint.

283041.1

**AFFIRMATIVE DEFENSES**

1. Defendant asserts that, upon information and belief, Plaintiff has failed to mitigate her damages and, therefore, relief is barred. To the extent Plaintiff has mitigated her damages, any relief must be decreased by the amount of earnings, compensation and benefits provided to her during the relevant time period.

2. Defendant reserves the right to assert additional defenses or affirmative defenses as they become apparent through the course of discovery.

WHEREFORE, Defendant respectfully requests judgment be entered in its favor and against Plaintiff.

    Respectfully submitted

    **s/ John A. Relias**
    02313081
    **s/ Anne Wilson Lokken**
    06244131
    Attorneys for Board of Education of
    Glen Ellyn School District #41, Principal
    Laura Campbell and Superintendent
    Jack Barshinger
    Franczek Sullivan P.C.
    300 South Wacker Drive Suite 3400
    Chicago, Illinois 60606
    (312) 986-0300
    (312) 986-9192
    jar@franczek.com
    awl@franczek.com
    Dated: October 17, 2005

283041.1

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2005 I electronically filed the foregoing **Answer to Amended Complaint** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Kathleen H. Gorr
>Kathleen H. Gorr, P.C.
>0S125 Church Street 2nd Floor
>Winfield, Illinois 60190
>gorrlaw@juno.com

>>**s/ John A. Relias**
>>02313081
>>**s/ Anne Wilson Lokken**
>>06244131
>>Attorneys for Board of Education of
>>Glen Ellyn School District #41, Principal
>>Laura Campbell and Superintendent
>>Jack Barshinger
>>Franczek Sullivan P.C.
>>300 South Wacker Drive Suite 3400
>>Chicago, Illinois 60606
>>(312) 986-0300
>>(312) 986-9192
>>jar@franczek.com
>>awl@franczek.com
>>Dated: October 17, 2005

283041.1